# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1202-JDT-cgc |
| | ) | |
| CORECIVIC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PENDING MOTIONS, DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 22, 2019, the Court issued an order dismissing Plaintiff William Carter King's *pro se* complaint and granting leave to file an amended complaint. (ECF No. 7.) King was warned that if he failed to file an amended complaint within twenty-one days, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at PageID 33-34.)

On October 28, 2019, King filed motions for appointment of counsel and for a phone conference. (ECF Nos. 8 & 9.) Those motions were signed by King on October 22, 2019, the same day the Court entered the order dismissing King's complaint and granting leave to amend, and do not appear to be intended as a response to the Court's order.

King has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED in its entirety, and judgment will be entered

in accordance with the October 22, 2019, order dismissing the original complaint for failure to state a claim. King is assessed his first strike under § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Because the case is being dismissed, King's motions to appoint counsel and for a phone conference are DENIED as moot.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by King would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if King nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, King is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE